```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA,        :
                                 :
         - v. -                  :
                                 :
CHARLES INDIVIGLIO,              :        11 Cr. 447 (AKH)
   a/k/a "MaryAnn Indiviglia,"   :
   a/k/a "Frank Indiviglia,"     :
                                 :
              Defendant.         :
                                 :
- - - - - - - - - - - - - - - - x
```

**GOVERNMENT'S SENTENCING MEMORANDUM**

                PREET BHARARA
                United States Attorney for the
                Southern District of New York
                One St. Andrew's Plaza
                New York, New York 10007

Jonathan Cohen
Assistant United States Attorney
-Of Counsel-



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

January 3, 2012

**BY ECF AND BY HAND**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

        **Re:  United States v. Charles Indiviglio,**
             **11 Cr. 447 (AKH)**

Dear Judge Hellerstein:

    The Government respectfully submits this sentencing memorandum in connection with the sentencing hearing scheduled for 11:00 a.m. on January 5, 2012, in the above-referenced case, and in response to the defense submission dated December 30, 2011 ("Def. Sub."). In particular, the Government sets forth herein its position that the applicable United States Sentencing Guidelines ("Guidelines") sentencing range is 8 to 14 months' incarceration (the "Guidelines Range") because, contrary to the defense's position, the defendant is properly in Criminal History Category III because he has five criminal history points. The Government further submits that a sentence within the Guidelines Range of 8 to 14 months' incarceration would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing in this case, pursuant to Title 18, United States Code, Section 3553.

1

### *Guidelines Calculation*

The Government believes that the Guidelines apply to the defendant's conviction on one count of mail fraud, in violation of Title 18, United States Code, Section 1341, as follows:

    **A.    Offense Level**

        1.    Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is 7.

        2.    Pursuant to U.S.S.G. § 2B1.1(b)(2)(B), there is an increase of 4 levels because the offense involved 50 or more victims.

        3.    Because the defendant accepted responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a reduction of 2 levels is warranted, pursuant to U.S.S.G. § 3E1.1(a).

In accordance with the foregoing calculations, the applicable offense level is 9.

    **B.    Criminal History Category**

Based upon the information now available to this Office, the defendant has five criminal history points, calculated as follows:

        I.    The defendant was convicted on or about January 11, 1988, of criminal mischief in the fourth degree, a class B misdemeanor, in violation of New York Penal Law Section 140.15, which resulted in a sentence of three years' probation. (Presentence Investigation Report dated September 14, 2011 (the "PSR") ¶¶ 36-37.) Pursuant to U.S.S.G. § 4A1.2(e)(3), this sentence results in zero criminal history points.

2

II. The defendant was convicted on or about May 18, 1993, of attempted criminal possession of a controlled substance in the fifth degree, a class E felony, in violation of New York Penal Law Section 220.06, which resulted in a sentence of five years' probation. (PSR ¶¶ 38-39.) Pursuant to U.S.S.G. § 4A1.2(e)(3), this sentence results in zero criminal history points.

III. The defendant was convicted on or about September 24, 2002, of disorderly conduct, in violation of New York Penal Law Section 240.20(7), a violation, which resulted in a sentence of an order of protection, a conditional discharge and a fine of $200. (PSR ¶¶ 40-41.) Pursuant to U.S.S.G. § 4A1.2(c)(1), this sentence results in zero criminal history points.

IV. The defendant was convicted on or about November 12, 2004, of attempted identity theft in the third degree, in violation of New York Penal Law Section 190.78(1), a class B misdemeanor, which resulted in a sentence of thirty days' incarceration and a $500 fine. (PSR ¶¶ 42-43.) Pursuant to U.S.S.G. § 4A1.1(c), this sentence results in one criminal history point.

V. The defendant was arrested on or about September 19, 2006, by the Nassau County Police Department and, in connection with that arrest, was convicted on or about June 7, 2007, and sentenced on or about July 26, 2007, on one count of grand larceny in the third degree, for which he received a sentence of imprisonment of one year. (PSR ¶¶ 44-45; Def. Sub. at 5.) Pursuant to U.S.S.G. § 4A1.1(b), this sentence results in two criminal history points.

VI. The defendant was arrested on or about October 10, 2006, by the Nassau County Police Department and, in connection with that arrest, was

       convicted on or about June 7, 2007, and sentenced on or about July 26, 2007, on one count of grand larceny in the fourth degree, for which he received a sentence of imprisonment of one year, to run concurrent to the sentence noted in Section V, supra.  (PSR ¶¶ 47-48; Def. Sub. at 5.)  Because the defendant was not arrested for the offense set forth in Section V prior to committing the offense set forth in Section VI, pursuant to U.S.S.G. § 4A1.2(a)(2), this sentence does not result in additional criminal history points.

VII.  The defendant was arrested on or about January 5, 2007, by the Nassau County Police Department and, in connection with that arrest, was convicted on or about June 7, 2007, and sentenced on or about July 26, 2007, on one count of bail jumping, in violation of New York Penal Law Section 215.56, a class E felony, which resulted in a sentence of four months' imprisonment, and on one count of grand larceny, in violation of New York Penal Law Section 155.35, a class D felony, which resulted in a sentence of one year's incarceration.  (PSR ¶¶ 50-55; Def. Sub. at 5-6.)  The offense conduct that was the basis for the bail jumping plea consisted of the defendant's failure to appear for a November 16, 2006, court appearance and his flight to Bogota, Colombia on a ticket he purchased that same date, facts which are not in dispute.  (PSR ¶¶ 51-53.)  Because the defendant committed the bail jumping offense after his arrest on September 19, 2006, see Section V, supra, and after his arrest on October 10, 2006, see Section VI, supra, the bail jumping conviction is counted as a separate sentence under U.S.S.G. § 4A1.2(a)(2).  Accordingly, pursuant to U.S.S.G. § 4A1.1(b), the bail jumping conviction results in two additional criminal history points.

4

In accordance with the foregoing, the defendant has five criminal history points and his Criminal History Category is III.

Based upon the calculations set forth above, the defendant's sentencing range is 8 to 14 months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At offense level 9, the applicable fine range is $1,000 to $10,000.

### *A Sentence Within The Guidelines Range is Appropriate*

Given the defendant's lengthy criminal history, the number of individuals he victimized through the instant fraud, and the fact that his prior punishments for criminal activity, which included multiple incarcetory terms, have not deterred him from continuing to break the law, the Government submits that the probationary sentence sought by the defense would not be sufficient to constitute just punishment nor provide adequate deterrence.  Instead, the Government respectfully submits that a sentence within the Guidelines Range of 8 to 14 months is sufficient, but not greater than necessary, to achieve the legitimate goals of sentencing in this case.  Finally, should Your Honor sentence the defendant to a term of imprisonment, the Government intends to seek immediate remand at the time of sentencing and has previously informed the defense of the same.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:

_____/s/ Jonathan Cohen_____
Jonathan Cohen
Assistant United States Attorney
Southern District of New York
(212) 637-2408

Cc (via ECF):
Cesar DeCastro, Esq.
Lankler & Carragher, LLP
415 Madison Avenue, 16th Floor
New York, NY 10017